FILED BY **MM** D.C.

**Jul 28, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## 22-20341-CR-MARTINEZ/BECERRA
Case No. _____

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 982

**UNITED STATES OF AMERICA**

vs.

**JORGE CABALLERO,**
**ALEXANDER JUAN,**
**AYMEE CABALLERO,**
**EDGAR PEREZ,**
**ROBERTA ASCENCION,**
**ROBERTO BALLESTER-RAMOS,**
**VLADIMIR PEREZ PENA,**
**GUILLERMO ROQUE,**
**AMADO PLAIN MORENO,**
**MARIA RODRIGUEZ-ALVAREZ,**
**CARLOS SABLON, and**
**MARA VENTURA,**

            **Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Commercial Insurance

1.      AT&T, Archer Western Construction, US Cold Storage, Spectra, and other companies offered Administrative Services Only ("ASO") insurance plans to their employees. These employers contracted with the insurance company Blue Cross Blue Shield ("BCBS") to handle the administrative tasks such as billing, claims handling, and claims payment with respect

to claims submitted on behalf of their employees.  These ASO insurance plans reimbursed BCBS for the money the insurance company paid out for health benefits for their respective employees.

2.      The ASO insurance plans offered by AT&T, Archer Western Construction, US Cold Storage, Spectra, and other companies and managed by BCBS were "health care benefit program[s]," as defined in Title 18, United States Code, Section 24(b).

3.      BCBS often made payments directly to physicians, medical clinics, or other health care providers, rather than to the beneficiary who received the health care benefits, items, and services.  This occurred when the provider accepted assignment of the right to payment from the beneficiary.

4.      To obtain payment for treatment or services provided to a beneficiary, physicians, medical clinics, and other health care providers had to submit itemized claim forms to BCBS. The claim forms were typically submitted electronically via the internet. The claim form required certain important information, including: (a) the beneficiary's name and Health Insurance Claim Number or other identification number; (b) a description of the health care benefit, item, or service that was provided or supplied to the beneficiary; (c) the billing codes for the benefit, item, or service; (d) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (e) the name of the referring physician or other health care provider, as well as a unique identifying number, known either as the Unique Physician Identification Number ("UPIN") or National Provider Identifier ("NPI").

5.      When a provider submitted a claim form to a private insurance plan, the provider certified that the contents of the form were true, correct, complete, and that the form was prepared in compliance with the applicable laws and regulations concerning the submission of health care claims.  The provider also certified that the services being billed were medically necessary and

were in fact provided as billed.

## The Defendants and Related Entities

6.      One Point Physician Care Center, Inc ("One Point Physician Care") was a Florida corporation located at 4355 W 16 Avenue, Suite 201, Hialeah, FL 33012.

7.      One Point Physician Medical Center, Inc ("One Point Physician Medical Center") was a Florida corporation located at 4355 W 16 Avenue, Suite 201, Hialeah, Florida, 33012.

8.      One Point Rehab Medical Center, Inc. ("One Point Rehab Medical Center") was a Florida corporation located at 4355 W 16 Avenue, Suite 201, Hialeah, Florida 33012.  (Together with One Point Physician Care and One Point Physician Medical Center, referred to as the "One Point Clinics.").

9.      Better Life Medical Services, Corporation ("Better Life") was a Florida corporation located at 1490 W 49 Place, Suite 202/204, Hialeah, Florida 33012.

10.     Tropical Care Medical Center Corporation ("Tropical Care") was a Florida corporation located at 3750 W 16 Avenue, Suite 138, Hialeah, Florida 33012.

11.     Middle Keys Wellness Center, LLC ("Middle Keys") was a Florida limited liability company located at 5180 Overseas Highway, Marathon, Florida 33050.

12.     Anchor Plus Wellness, LLC ("Anchor Plus") was a Florida limited liability company located at 5180 Overseas Highway, Marathon, Florida 33050.

13.     Anchor Plus Wellness Center, LLC ("Anchor Plus Wellness Center") was a Florida limited liability company located at 5951 NW 151 Street, Number 205, Miami Lakes, Florida 33014.

14.     One Point Physician Care Center, One Point Physician Medical Center, One Point Rehab Medical Center, Better Life, Tropical Care, Middle Keys, Anchor Plus, and Anchor Plus

Wellness Center (collectively "the Clinics") were medical clinics that purportedly provided beneficiaries with various medical treatment and services.

15.     Defendant **JORGE CABALLERO** was a resident of Miami-Dade County, and an owner of the One Point Clinics.

16.     Defendant **ALEXANDER JUAN** was a resident of Miami-Dade County, and an owner of the One Point Clinics.

17.     Defendant **AYMEE CABALLERO** was a resident of Broward County, and an owner of Better Life.

18.     Defendant **EDGAR PEREZ** was a resident of Broward County, and an owner of Better Life.

19.     Defendant **ROBERTA ASCENCION** was a resident of Miami-Dade County, and an owner of Better Life.

20.     Defendant **ROBERTO BALLESTER-RAMOS** was a resident of Miami-Dade County, and an owner of Tropical Life, Middle Keys, Anchor Plus Wellness, and Anchor Plus Wellness Center.

21.     Defendant **VLADIMIR PEREZ PENA** was a resident of Miami-Dade County.

22.     Defendant **GUILLERMO ROQUE** was a resident of Miami-Dade County.

23.     Defendant **AMADO PLAIN MORENO** was a resident of Miami-Dade County.

24.     Defendant **MARIA RODRIGUEZ-ALVAREZ** was a resident of Miami-Dade County.

25.     Defendant **CARLOS SABLON** was a resident of Miami-Dade County.

26.     Defendant **MARA VENTURA** was a resident of Miami-Dade County, and an employee of the One Point Clinics.

## COUNT 1
**Conspiracy to Commit Health Care Fraud and Wire Fraud**
**(18 U.S.C. § 1349)**

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.      From in or around July 2017, and continuing through the return of this Indictment, in Miami-Dade County and Monroe County, in the Southern District of Florida, and elsewhere, the defendants,

**JORGE CABALLERO,**
**ALEXANDER JUAN,**
**AYMEE CABALLERO,**
**EDGAR PEREZ,**
**ROBERTA ASCENCION,**
**ROBERTO BALLESTER-RAMOS,**
**VLADIMIR PEREZ PENA,**
**GUILLERMO ROQUE,**
**AMADO PLAIN MORENO,**
**MARIA RODRIGUEZ-ALVAREZ,**
**CARLOS SABLON, and**
**MARA VENTURA,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

a.      to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title

18, United States Code, Section 1347; and

        b.    to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

3.    It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) paying kickbacks and bribes to induce the referral of beneficiaries and to induce the beneficiaries to provide their health insurance information to the Clinics; (b) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (c) concealing the submission of false and fraudulent claims to health care benefit programs; (d) concealing the receipt of the fraud proceeds; and (e) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.    **JORGE CABALLERO, ALEXANDER JUAN, AYMEE CABALLERO, EDGAR PEREZ, ROBERTA ASCENCION, ROBERTO BALLESTER-RAMOS, VLADIMIR PEREZ PENA, GUILLERMO ROQUE, AMADO PLAIN MORENO, MARIA**

RODRIGUEZ-ALVAREZ, CARLOS SABLON, and MARA VENTURA paid and caused to be paid kickbacks to beneficiaries with BCBS and ASO insurance plans managed by BCBS in exchange for allowing the Clinics to bill for medical benefits, items, and services that were not medically necessary, not eligible for reimbursement, and not received by the beneficiaries.

5. JORGE CABALLERO, ALEXANDER JUAN, AYMEE CABALLERO, EDGAR PEREZ, ROBERTA ASCENCION, and ROBERTO BALLESTER-RAMOS paid and caused to be paid kickbacks to individuals, including VLADIMIR PEREZ PENA, GUILLERMO ROQUE, AMADO PLAIN MORENO, MARIA RODRIGUEZ-ALVAREZ, and CARLOS SABLON, to recruit beneficiaries with BCBS and ASO insurance plans managed by BCBS.

6. JORGE CABALLERO, ALEXANDER JUAN, AYMEE CABALLERO, EDGAR PEREZ, ROBERTA ASCENCION, ROBERTO BALLESTER-RAMOS, VLADIMIR PEREZ PENA, GUILLERMO ROQUE, AMADO PLAIN MORENO, MARIA RODRIGUEZ-ALVAREZ, CARLOS SABLON, MARA VENTURA, and others submitted and caused the Clinics to submit, via interstate wire communications, approximately $53,000,000 in claims for reimbursement to BCBS and ASO insurance plans managed by BCBS which claims falsely and fraudulently represented that various health care benefits were medically necessary, prescribed by a doctor, and had been provided to insurance beneficiaries of BCBS and ASO insurance plans managed by BCBS by the Clinics.

7. As a result of such false and fraudulent claims, BCBS and ASO insurance plans managed by BCBS made payments to the corporate bank accounts of the Clinics in the approximate amount of $8,100,000.

8.      JORGE CABALLERO, ALEXANDER JUAN, AYMEE CABALLERO, EDGAR PEREZ, ROBERTA ASCENCION, ROBERTO BALLESTER-RAMOS, VLADIMIR PEREZ PENA, GUILLERMO ROQUE, AMADO PLAIN MORENO, MARIA RODRIGUEZ-ALVAREZ, CARLOS SABLON, MARA VENTURA, and others used the proceeds of the health care fraud for their personal use and benefit, the use and benefit others, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-15
### Health Care Fraud
### (18 U.S.C. § 1347)

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.      From in or around July 2017, and continuing through the return of this Indictment, in Miami-Dade County and Monroe County, in the Southern District of Florida, and elsewhere, the defendants,

**JORGE CABALLERO,
ALEXANDER JUAN,
AYMEE CABALLERO,
EDGAR PEREZ,
ROBERTA ASCENCION,
ROBERTO BALLESTER-RAMOS,
VLADIMIR PEREZ PENA,
GUILLERMO ROQUE,
AMADO PLAIN MORENO,
MARIA RODRIGUEZ-ALVAREZ,
CARLOS SABLON, and
MARA VENTURA,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section

24(b), that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit programs.

### Purpose of the Scheme and Artifice

3.      It was a purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) paying kickbacks and bribes to induce the referral of beneficiaries and to induce the beneficiaries to provide their health insurance information to the Clinics; (b) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (c) concealing the submission of false and fraudulent claims to health care benefit programs; (d) concealing the receipt of the fraud proceeds; and (e) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

### The Scheme and Artifice

The Manner and Means section of Count 1 of this Indictment is re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution or Attempted Execution of the Scheme and Artifice

On or about the dates specified as to each count below, in Miami-Dade County and Monroe County, in the Southern District of Florida, and elsewhere, the defendants, as specified in each count below, did knowingly and willfully execute the above-described scheme and artifice to defraud a health care benefit program in that the defendants submitted and caused the submission of false and fraudulent claims through the Clinics seeking the identified dollar amount and representing that such benefits, items, and services were medically necessary and provided to beneficiaries as described:

Case 1:22-cr-20341-JEM   Document 3   Entered on FLSD Docket 07/29/2022   Page 10 of 27

| Count | Defendant(s) | Bene. | Clinic | Approx. Date Claim Rec'd | Services Claimed; Claim Number, Approx. Amount Claimed |
|---|---|---|---|---|---|
| 2 | JORGE CABALLERO, ALEXANDER JUAN, AMADO PLAIN MORENO, and VLADIMIR PEREZ PENA | R.L.B | One Point Rehab Medical Center | 08/01/2017 | Immunotherapy; H100000615212564; $3,500. |
| 3 | JORGE CABALLERO, ALEXANDER JUAN, MARIA RODRIGUEZ-ALVAREZ, and MARA VENTURA | I.P. | One Point Rehab Medical Center | 09/09/2018 | Immunotherapy; H100000692460008; $3,500. |
| 4 | JORGE CABALLERO, ALEXANDER JUAN, MARIA RODRIGUEZ-ALVAREZ, and MARA VENTURA | I.P. | One Point Rehab Medical Center | 09/21/2018 | Allergy Test; H100000695101399; $3,800. |
| 5 | JORGE CABALLERO, ALEXANDER JUAN, AMADO PLAIN MORENO, and VLADIMIR PEREZ PENA | J.E.M.B. | One Point Rehab Medical Center | 02/20/2019 | Immunotherapy; H100000724864965; $3,500. |
| 6 | ROBERTO BALLESTER-RAMOS and CARLOS SABLON | L.V. | Anchor Plus | 05/10/2019 | Electrical stimulation (physical therapy); H100000741413965; $600. |
| 7 | JORGE CABALLERO, ALEXANDER JUAN, VLADIMIR PEREZ PENA, and MARA VENTURA | B.G.P. | One Point Physician Care | 10/04/2019 | Allergy Test; H100000770458817; $3,600. |
| 8 | AYMEE CABALLERO, EDGAR PEREZ, ROBERTA ASCENCION, and CARLOS SABLON | A.R. | Better Life | 11/27/2019 | Immunotherapy; H100000781617384; $2,300. |

10

| Count | Defendant(s) | Bene. | Clinic | Approx. Date Claim Rec'd | Services Claimed; Claim Number, Approx. Amount Claimed |
|---|---|---|---|---|---|
| 9 | **ROBERTO BALLESTER- RAMOS** and **AMADO PLAIN MORENO** | J.C.A. | Middle Keys | 02/24/2020 | Allergy Test; H100000798838990; $2,500. |
| 10 | **AYMEE CABALLERO, EDGAR PEREZ,** and **ROBERTA ASCENCION** | J.A.J. | Better Life | 03/26/2020 | Back brace (Durable Medical Equipment); H100000805539227; $5,500. |
| 11 | **ROBERTO BALLESTER-RAMOS** and **AYMEE CABALLERO** | K.M. | Middle Keys | 04/06/2020 | Back brace (Durable Medical Equipment); H100000807230602; $5,000. |
| 12 | **JORGE CABALLERO, ALEXANDER JUAN, GUILLERMO ROQUE,** and **MARA VENTURA** | G.U. | One Point Physician Medical Center | 05/08/2020 | Back brace (Durable Medical Equipment); H100000811946906; $5,000. |
| 13 | **ROBERTO BALLESTER-RAMOS** and **AMADO PLAIN MORENO** | J.E.M.B. | Anchor Plus Wellness Center | 04/05/2021 | Allergy Test; H100000879628705; $1,500. |
| 14 | **ROBERTO BALLESTER-RAMOS, AMADO PLAIN MORENO,** and **VLADIMIR PEREZ PENA** | B.G.P. | Tropical Care | 07/23/2021 | Immunotherapy; H10000905046602; $3,562. |
| 15 | **ROBERTO BALLESTER-RAMOS** | R.V. | Tropical Care | 02/28/2022 | Physical Therapy; H100000954586120; $600. |

In violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURE ALLEGATIONS

1.       The allegations in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which nay of the defendants, **JORGE CABALLERO, ALEXANDER JUAN, AYMEE CABALLERO, EDGAR PEREZ, ROBERTA ASCENCION, ROBERTO BALLESTER-RAMOS, VLADIMIR PEREZ PENA, GUILLERMO ROQUE, AMADO PLAIN MORENO, MARIA RODRIGUEZ-ALVAREZ, CARLOS SABLON,** and **MARA VENTURA**, have an interest.

2.       Upon conviction of a violation of Title 18, United States Code, Sections 1347 and/or 1349, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3.       If the property subject to forfeiture, as a result of any act or omission of the defendants,

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with a third party;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p). Such substitute property includes, but is not limited to, the following:

a.      Real property located at 5851 W 20th Ave., #408, Hialeah, FL 33012;

b.      Real property located at 10000 NW 80th Ct., #2441, Hialeah, FL 33016;

c.      Real property located at 3575 Mystic Pointe Dr., #85, Aventura, FL 33180;

d.      Real property located at 6045 NW 186th St., #115, Hialeah, FL 33015;

e.      Real property located at 8335 W 18th Ave., Hialeah, FL 33014;

f.      Real property located at 17530 NW 68 Ave., #C3006, Miami, FL 33015;

g.      Real property located at 733 E 23rd St., Hialeah, FL 33013;

h.      Real property located at 10000 NW 80 Ct., #2440, Hialeah, FL 33016;

i.      Real property located at 575 W 69 St., #207, Hialeah, FL 33014;

j.      Real property located at 1300 W 47th Pl., #202, Hialeah, FL 33012;

k.      Real property located at 7010 NW 186th St., #5-201, Miami, FL 33015;

l.      Real property located at 6515 W 26 Dr., #24-38, Hialeah, FL 33016;

m.      Real property located at 8565 NW 168 Ter., Hialeah, FL 33016;

n.      Real property located at 101 NE 41st St., #28B, Oakland Park, FL 33334;

o.      Real property located at 241 W 33rd St., Hialeah, FL 33012; and

p.      One (1) 2001 51' Sea Ray Sundancer, Hull #SERY0745E001.

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
LINDSEY LAZOPOULOS FRIEDMAN
ASSISTANT UNITED STATES ATTORNEY

14

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

**CASE NO.:**

**v.**

JORGE CABALLERO, et al.

**CERTIFICATE OF TRIAL ATTORNEY\***

_____/
Defendants.

**Superseding Case Information:**

**Court Division** (select one)

| | | |
|---|---|---|
| ☑ Miami | ☐ Key West | ☐ FTP |
| ☐ FTL | ☐ WPB | |

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect:

4. This case will take   8   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☐ 0 to  5 days          ☐ Petty
   II   ☑ 6 to 10 days          ☐ Minor
   III  ☐ 11 to 20 days         ☐ Misdemeanor
   IV   ☐ 21 to 60 days         ☑ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                                   Case No.
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No.
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge                                   Case No.
9. Defendant(s) in federal custody as of
10. Defendant(s) in state custody as of
11. Rule 20 from the                    District of
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By:    _____

Lindsey Lazopoulos Friedman
Assistant United States Attorney
FLA Bar No.      091792

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:**   **JORGE CABALLERO**

**Case No:**

Count #: 1

<u>Conspiracy to Commit Health Care Fraud and Wire Fraud</u>

<u>Title 18, United States Code, Section 1349</u>
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:**  $250,000 or twice the gross gain or loss from the offense.

Counts #: 2–5, 7, 12

<u>Health Care Fraud</u>

<u>Title 18, United States Code, Section 1347</u>
* **Max. Term of Imprisonment:** 10 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:**   3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:   **ALEXANDER JUAN**

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:**  $250,000 or twice the gross gain or loss from the offense.

Counts #: 2–5, 7, 12

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment:** 10 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:**  3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** __ **AYMEE CABALLERO** _____

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

Counts #: 8, 10-11

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment:** 10 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:**   3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**   **EDGAR PEREZ**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

Counts #: 8, 10

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment:** 10 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:**  3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **ROBERTA ASCENCION**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

Counts #: 8, 10

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment:** 10 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __ROBERTO BALLESTER-RAMOS__

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

Counts #: 6, 9, 11, 13-15

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment:** 10 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   **VLADIMIR PEREZ PENA**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:**  $250,000 or twice the gross gain or loss from the offense.

Counts #: 2, 5, 7, 14

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment:** 10 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:**  3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __GUILLERMO ROQUE__

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000 or twice the gross gain or loss from the offense.**

Count #: 12

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release:  3 years**
* **Max. Fine: $250,000 or twice the gross gain or loss from the offense.**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   **AMADO PLAIN MORENO**

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

Counts #: 2, 5, 9, 13-14

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment:** 10 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:**   3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **MARIA RODRIGUEZ ALVAREZ**

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

Counts #: 3-4

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment:** 10 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:**  3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   __**CARLOS SABLON**__

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

Counts #: 6, 8

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment:** 10 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:**  3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   **MARA VENTURA**

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:**  $250,000 or twice the gross gain or loss from the offense.

Counts #: 3–4, 7, 12

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment:** 10 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:**  3 years
* **Max. Fine:** $250,000 or twice the gross gain or loss from the offense.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**